IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Hayes Lemmerz International, Inc., *et al.*, | : | Case No. 01-11490 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| HLI Creditor Trust, | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding No. |
| | : | |
| v. | : | A 03-58493 (PBL) |
| | : | |
| Metal Technologies Woodstock Corporation f/k/a Metal Technologies Woodstock, Ltd., | : | Related Documents: 123, 124, 127, 128, 132, 134 |
| | : | |
| Defendant. | : | |

**ORDER GRANTING MOTION OF DEFENDANT FOR CORRECTION
OF CLERICAL MISTAKE OR TO ALTER OR AMEND JUDGMENT**

After a trial upon the merits, this Court entered its Judgment on January 26, 2006, pursuant to its Opinion of even date therewith, in this preference action brought by Plaintiff under Sections 547 and 550 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to the Judgment, Plaintiff is to take nothing with respect to the portion of its Complaint involving transfers totaling $554,244.22, but is awarded judgment in its favor with respect to transfers totaling $272,844.53.

On January 31, 2006, Defendant filed its Motion for Correction of Clerical Mistake or to Alter or Amend Judgment, with a supporting brief (the "Motion"). On February 10, 2006, Plaintiff filed its response in opposition to Defendant's motion, and on February 17, 2006, Defendant filed its brief in reply. A Notice of Completion of Briefing has been filed, and the

matter is ripe for decision by the Court.

In its Motion, brought pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, which makes Rule 60(a) of the Federal Rules of Civil Procedure applicable to adversary proceedings, Defendant asserts that the Court's Judgment was in error in identifying Defendant as "Metal Technologies, Inc. d/b/a Metal Technologies Woodstock, Ltd." Defendant contends that the correct Defendant is "Metal Technologies Woodstock Corporation f/k/a Metal Technologies Woodstock, Ltd." Defendant asserts that in the Joint Pretrial Memorandum, the latter name was stipulated by the parties to be the proper defendant, and quite properly notes that under procedures established by this Court for trials before it, the Joint Pretrial Memorandum "shall govern the conduct of the trial and shall supersede all prior pleadings in the case." General Order Re: Pretrial Procedures in Adversary Proceedings for Trial, as amended February 23, 2005.

In its response, Plaintiff does not contest Defendant's assertion with regard to the Joint Pretrial Memorandum.[1] Instead, Plaintiff argues that at no time during the more than two years that this action was pending before this Court, until two weeks prior to trial, did Defendant make any effort to cause the name of the Defendant to be changed. In fact, the incorrect name of the proper party defendant is still the name set forth in the style of the case in all pleadings, including those seeking and objecting to the amendment of the Judgment.

Plaintiff also makes certain assertions and arguments based upon facts completely outside the record before this Court, apparently ascribing certain ulterior motivations to Defendant in filing its Motion. However, being entirely outside the record before this Court, such assertions

---

[1] It is noted that Plaintiff makes no claim of fraud or deceit in connection with the preparation and filing of the Joint Pretrial Memorandum.

and arguments will not be considered. Plaintiff also urges that the error in this case, if one was made, was a judicial, not a clerical error, and that it should be corrected, if appropriate, on appeal.[2]

In this Court's opinion, the Judgment in this case should have been entered naming "Metal Technologies Woodstock Corporation f/k/a Metal Technologies Woodstock, Ltd.," as stipulated by the parties in the Joint Pretrial Memorandum. The failure to do so was no more than a clerical mistake, since the language in the Joint Pretrial Memorandum was clear and unequivocal, and was simply overlooked by the Court in crafting its Opinion and Judgment. Although no prior effort had been made to change the identity of the proper Defendant, had Plaintiff objected to the language in the Joint Pretrial Memorandum establishing the correct Defendant, it certainly could have made that objection at that time, rather than signing the document and thereby superseding all prior pleadings. Plaintiff did not do so, and may not at this point complain, other than whatever arguments, if any, it may make on this issue on appeal.

Based upon the foregoing, Defendant's Motion for Correction of Clerical Mistake or to Alter or Amend Judgment is **GRANTED**. An amended or modified judgment in accordance with this decision will be entered by the Court.

Dated: March 6, 2006  
       Wilmington, Delaware

BY THE COURT:

PAUL B. LINDSEY  
UNITED STATES BANKRUPTCY JUDGE

---

[2] A proper notice of appeal has been filed in this proceeding.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

DAVID D. BIRD  
CLERK OF COURT

824 MARKET STREET  
WILMINGTON, DE 19801  
(302) 252-2900

Date: March 8, 2006

To: Peter Dalleo, Clerk  
U. S. District Court  
District of Delaware  
J. Caleb Boggs Federal Bldg.  
844 North King Street  
Wilmington, DE 19801

Re: HLI Creditor Trust v. Metal Technologies, Inc., d/b/a Metal Technologies Woodstock, Ltd.; Adv. Proc. No. 03-58493; Bankruptcy Case No. 01-11490; Appeal No. AP-06-11  
U.S. District Court Civil Action No. 06-145

Enclosed, please find the following pleadings regarding the Motion for Correction of Clerical Mistake or to Alter or Amend Judgment:

Docket No. 139 - Order Granting Motion of Defendant for Correction of Clerical Mistake or to Alter or Amend Judgment;

Docket No. 140 - Amended Opinion signed on 3/6/2006

Docket No. 141 - Amended Judgment signed 3/6/2006

Sincerely,

David D. Bird, Clerk

By: *Margaret A. Stansbury*  
Deputy Clerk, U.S. Bankruptcy Court

I hereby acknowledge receipt of the above pleadings this _____ day of _____, 2006.

By: _____  
Deputy Clerk, U.S. District Court